UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MYRA BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-0588-DFH-TAB |
| | ) | |
| SCOTT EARLYWINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT ROBERT HENDRIXSON'S
MOTION FOR MORE DEFINITE STATEMENT**

This matter is before the Court on Defendant Robert Hendrixson's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  [Docket No. 60.] Hendrixson contends that Plaintiff's complaint and amended complaint are "so vague and ambiguous that Hendrixson cannot frame a responsive pleading to it."  [*Id*.] Hendrixson asserts that Federal Rule of Civil Procedure 9(b) requires that Plaintiff allege "'what' he did, 'when' he did it, 'how' he did it and 'where' he did it."  [Docket No. 60-2, p. 4.]  Plaintiff states that she pleaded "facts sufficient for Defendant Hendrixson to answer the claim against him."  [Docket No. 70.]  With respect to Rule 9(b), she asserts that its particularity requirement should be relaxed in this instance because key facts concerning her racketeering claims are within the Defendants' knowledge.  [*Id*.]

Federal Rule of Civil Procedure Rule 12(e) allows for a more definite statement where a "pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  In this instance, Plaintiff clearly and plainly alleges that Defendant Edward Wingo is an agent of Defendant Prestige Mortgage of

Indiana, LLC, which is allegedly owned by Robert Hendrixson. [Docket No. 51, ¶ 10.] Plaintiff further alleges that Wingo prepared a fraudulently inaccurate loan application for the purpose of defrauding "unsuspecting lenders and unsophisticated consumers." [*Id*. at ¶¶ 33, 34, 58-59.]

Hendrixson's claim that Plaintiff has failed to satisfy Rule 9(b)'s heightened pleading standard is misplaced in the context of this Rule 12(e) motion because Rule 12(e) does not test the sufficiency of a plaintiff's complaint to the extent argued by Hendrixson. A motion made under Rule 12(e) merely invites a court to evaluate the clarity of a pleading and assess whether a responding party can "reasonably be required to frame a responsive pleading." This is especially true here where the connection between these business entities allows a court to overlook Rule 9(b)'s heightened particularity requirement. *See Jepson v. Makita Corp*., 34 F.3d 1321, 1329 (7th Cir. 1994) (where three related corporate defendants could "likely sort out their involvement without significant difficulty" omitted Rule 9(b) particulars could be overlooked).

Nothing about this pleading is so vague or ambiguous as to impede Hendrixson's ability to respond. Thus, without making any determination regarding the sufficiency of Plaintiff's complaint, the Court denies Hendrixson's motion for a more definite statement [Docket No. 60]. Hendrixson shall respond to Plaintiff's amended complaint within ten days.

Dated: 09/29/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jeffrey Martin Bellamy
THRASHER BUSCHMAN GRIFFITH & VOELKEL
bellamy@indiana-attorneys.com

Gregory H. Coleman
CLARK COLEMAN & FREEMAN
ccfnattys@aol.com

James A Goodin Jr.
GOODIN ABERNATHY & MILLER
jgoodin@gamlawyers.com

Lia R. Lukaart
GOODIN ABERNATHY & MILLER
llukaart@gamlawyers.com

Barbara Malone
barbara_malone@sbcglobal.net

Antolin J. Reiber
indylaw2000@yahoo.com