UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MYRA BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-0588-DFH-TAB |
| | ) | |
| SCOTT EARLYWINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION
ON DEFENDANT CONESTOGA TITLE INSURANCE COMPANY'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.   Introduction.**

Plaintiff Myra Beard alleges that she purchased real property in 2001 based upon assurances from Defendants Duane Gunn and Scott Earlywine that funds from the purchase would be held in escrow for use in completing interior renovations, and that these completed renovations would increase the value of the property. Plaintiff further contends that after closing on this property, she was dissatisfied with the progress of the renovations and complained to Defendants Earlywine and Earlywine Builders. Plaintiff asserts that in September and October 2001, Defendant Earlywine instructed Defendant HomeQuest to release funds to Earlywine Builders, but that she did not learn of these released funds until months later. On April 12, 2006, Plaintiff filed a complaint alleging, among other things, that Defendants[1] violated 18 U.S.C. § 1962(c) by forming "an illegal and immoral conspiracy and business enterprise," "which was

---

[1] Although Plaintiff does not specifically name Defendant Conestoga Title Insurance Company ("Conestoga") in her RICO claim, she does name Ronda Resor, an alleged agent of Conestoga. [Pl.'s Am. Compl. ¶¶ 16, 58.]

engaged in and the activities of which affected, interstate commerce, through a pattern of racketeering. . . ."[2]  [Pl.'s Am. Compl. ¶¶ 58, 59.]

Conestoga moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) contending that Plaintiff's RICO claim is untimely.  [Docket No. 61.]  Plaintiff opposes Conestoga's motion and responds that her RICO claim was filed within the four-year statute of limitations.  Irrespective of this potential shortcoming, Plaintiff contends that factual questions regarding the propriety of equitable tolling preclude dismissal at this juncture.  [Docket No. 73.]  For the reasons set forth below, the Magistrate Judge recommends that Conestoga's motion for judgment on the pleadings [Docket No. 61] be denied.

**II.     Discussion.**

Similar to a Rule 12(b)(6) motion, a Rule 12(c) motion challenges a complaint's sufficiency.  *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  "A court will grant a Rule 12(c) motion only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved."  *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004) (internal quotation and citation omitted).  "The essence of the motion is not that the plaintiff has pleaded insufficient facts; it is that, even assuming all of her facts are accurate, she has no legal claim."  *Bembenek v. Donohoo*, 355 F. Supp. 2d 942, 948 (E.D. Wis. 2005).

Conestoga's sole basis for its challenge to Plaintiff's RICO claim is that it was brought

---

[2] On July 12, 2006, Plaintiff filed her amended complaint alleging the same.  [Pl.'s Am. Compl.]

beyond the applicable four-year statute of limitations.  But at this juncture, a statute of limitations defense misses its legal mark.  Generally, dismissals for failures to state a claim upon which relief may be granted "are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses."  *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).  Thus, a complaint is not insufficient because it omitted information that would otherwise refute a defense such as untimeliness under the applicable statute of limitations.  *Id*.  This is particularly true here because the four-year statute of limitations only accrues when a plaintiff knows or has reason to know of an injury.  *Rotella v. Wood*, 528 U.S. 529, 555 (2000); *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1464 (7th Cir. 1992).

Based on the pleadings alone, the Court cannot definitely state when Plaintiff discovered or should have discovered her injury.  If Plaintiff discovered or should have discovered her injury only after April 12, 2002 then Plaintiff's RICO claim is timely.[3]  Here, it is impossible to ascertain with certainty when Plaintiff learned facts that would have imparted knowledge of an injury or should have imparted knowledge of an injury.  Namely, the pleadings lack any information regarding the timing of: Plaintiff's displeasure with the progress of renovations and complaint to certain Defendants; discovery that escrow funds had been released without her knowledge; or Plaintiff's discovery that the city of Indianapolis had issued cease work orders on the property due to permit noncompliance with work being done on the property in November 2001.  Without such information, the Court cannot conclude that the Plaintiff cannot prove any

---

[3] Plaintiff's RICO claim may also be timely should Plaintiff successfully develop a factual basis for equitable tolling of the four-year statute of limitations.

facts to support a claim for relief.  Thus, judgment on the pleadings in favor of Conestoga is improper.

**III.     Conclusion.**

For the reasons stated above, the Magistrate Judge recommends that Conestoga's motion for judgment on the pleadings [Docket No. 61] be denied.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  10/02/06

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jeffrey Martin Bellamy
THRASHER BUSCHMAN GRIFFITH & VOELKEL
bellamy@indiana-attorneys.com

Gregory H. Coleman
CLARK COLEMAN & FREEMAN
ccfnattys@aol.com

James A Goodin Jr.
GOODIN ABERNATHY & MILLER
jgoodin@gamlawyers.com

Lia R. Lukaart
GOODIN ABERNATHY & MILLER
llukaart@gamlawyers.com

Barbara Malone
barbara_malone@sbcglobal.net

Antolin J. Reiber
indylaw2000@yahoo.com